```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION


MARGARET CRABTREE,            §
                              §
          Plaintiff,          §
                              §
v.                            §   CIVIL ACTION NO. H-05-4221
                              §
CYBERONICS, INC.,             §
                              §
          Defendant.          §
```

MEMORANDUM AND ORDER

Pending is Defendant Cyberonics, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(6) (Document No. 5). Plaintiff Margaret Crabtree has not responded to the motion, and it is therefore deemed unopposed pursuant to Local Rule 7.4. After having reviewed the motion and the applicable law, the Court concludes that the motion should be granted.

Plaintiff Margaret Crabtree ("Plaintiff") worked as a call center representative for Defendant Cyberonics, Inc. ("Defendant"). Document No. 1 ¶ 3. In 2005, Plaintiff experienced asthma-related health problems and complications from gastric bypass surgery. Id. ¶ 9. Plaintiff, who was terminated, alleges that Defendant (1) discriminated against Plaintiff because of her perceived disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and (2) denied Plaintiff access to family medical leave in violation of the Family Medical

Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq.* Defendant now moves to dismiss Plaintiff's ADA claims pursuant to Rule 12(b)(6) because Plaintiff failed to file suit within ninety days after receiving a right-to-sue letter from the EEOC.

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one. *See* Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims. Id.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. *See* Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). Dismissal of a claim is improper "unless it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993).

2

"The plaintiff need not set forth all the facts upon which the claim is based; rather, a short and plain statement of the claim is sufficient if it gives the defendant fair notice of what the claim is and the grounds upon which it rests." Mann v. Adams Realty Co., 556 F.2d 288, 293 (5th Cir. 1977).  Therefore, in challenging the suffi-ciency of the complaint under Rule 12(b)(6), the defendant bears the burden of proving that "no relief could be granted under any set of facts that could be proved consistent with the allegations" in the complaint. Hishon v. King & Spalding, 104 S. Ct. 2229, 2232 (1984).  While the district court generally may not go outside the complaint in addressing a Rule 12(b)(6) motion, it may consider documents attached to the complaint, as well as documents that are referenced in and central to the complaint. *See* Kennedy v. Chase Manhattan Bank USA, NA, 369 F.3d 833, 839 (5th Cir. 2004);  Scanlan v. Texas A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003).

A civil action under the ADA must be brought within ninety days of receipt of a right-to-sue letter from the EEOC. *See* Taylor v. Books A Million, Inc., 296 F.3d 376, 379 (5th Cir. 2002); Henson v. Bell Helicopter Textron, Inc., 128 Fed. Appx. 387, 390 (5th Cir. Apr. 18, 2005) (unpublished) (citing 42 U.S.C. § 2000e-5(f); 42 U.S.C. § 12117(a)).[1]  The ninety-day limitations period is strictly

---

[1] The ADA incorporates by reference the administrative and procedural prerequisites found in Title VII. Miller v. Sw. Bell Telephone Co., 51 Fed. Appx. 928, at *7 (5th Cir. Oct. 7, 2002) (unpublished) (citing Dao v. Auchan Hypermarket, 96 F.3d 787, 789

3

construed. Taylor, 296 F.3d at 379. "Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired." Id. (citing Butler v. Orleans Parish Sch. Bd., No. Civ. A. 00-0845, 2001 WL 1135616 (E.D. La. Sept. 25, 2001) (dismissing Title VII claims where *pro se* plaintiff filed her complaint one day beyond the ninety-day period). When a plaintiff fails to allege the specific date that she received the right-to-sue letter and the date the letter was received is unknown, "a presumption of receipt is appropriate." Id. "In the Fifth Circuit, there is a presumption that a party receives the right-to-sue notice three days after it is mailed." Aportela v. Barnhart, No. EP-03-CA-0360-DB, 2005 WL 1958963, at *11 (W.D. Tex. Aug. 15, 2005) (citing Martin v. Alamo Cmty. Coll. Dist., 353 F.3d 409, 411 (5th Cir. 2003)). *See* Baldwin County Welcome Ctr. v. Brown, 104 S. Ct. 1723, 1724 n.1 (1984) (applying presumption that respondent received right-to-sue notice three days after it was issued by the EEOC, based upon Fed. R. Civ. P. 6(e)). The 90-day period begins to run when the notice is *received*. Taylor, 296 F.3d at 379.

Plaintiff alleges in her complaint that "Plaintiff received a notice of the right to sue from the EEOC within 90 days of the

---

(5th Cir. 1996). "Thus, before a plaintiff may file a civil action under Title VII or the ADA, he must exhaust administrative remedies, which include . . . filing suit within 90 days after receiving a right-to-sue letter from the EEOC." Henson, 128 Fed. Appx. at 390.

filing of this complaint." Document No. 1 ¶ 6. However, when a plaintiff does not provide a specific date of receipt, a "conclusory allegation that [the] complaint was filed timely is insufficient to preclude dismissal." Taylor, 296 F.3d at 379; Taylor v. County Bancshares, Inc., 325 F. Supp. 2d 755, 764 (E.D. Tex. 2004). Here, the EEOC mailed Plaintiff's right-to-sue letter on Thursday, September 8, 2005, *see* Document No. 1 ex. A, and Plaintiff does not allege in her complaint that the letter was improperly sent. Thus, a presumption arises that Plaintiff received the right-to-sue letter on, or prior to, September 11, 2005. *See, e.g.,* Martin, 353 F.3d at 411; Baldwin, 104 S. Ct. at 1724 n.1. September 11, 2005, was a Sunday. Even if the Court were to enlarge the presumed receipt date to the next business day--Monday, September 12, 2005--the 90th day after September 12, 2005, would be December 11, 2005. Because Plaintiff did not file her complaint until December 14, 2005, her ADA claims are barred by the 90-days limitation statute and will be dismissed.[2] Accordingly, it is

---

[2] Likewise, Plaintiff's claims would be barred even if the Court were to apply a five-day presumption of receipt that some circuits have used. *See, e.g.,* Lozano v. Ashcroft, 258 F.3d 1160, 1164 (10th Cir. 2001) ("Although this court has never explicitly addressed the issue of mailing time presumptions, we have implicitly sanctioned applying either a five-day or a three-day presumption."); Banks v. Rockwell Intern. N. Am. Aircraft Operations, 855 F.2d 324, 326 (6th Cir. 1988) (applying a five-day presumption of receipt).

ORDERED that Defendant Cyberonics, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(6) (Document No. 5) is GRANTED, and Plaintiff Margaret Crabtree's ADA claims are DISMISSED. Remaining for adjudication are Plaintiff's claims under the FMLA.

The Clerk will enter this Order and send a copy to all parties of record.

SIGNED at Houston, Texas on this 7th day of June, 2006.

---

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE